UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

        Plaintiff,                Case Number: 2:18-cv-11666
                                            HON. GEORGE CARAM STEEH

v.

STATE OF MICHIGAN, ET AL.,

        Defendants.
_____/

## ORDER OF SUMMARY DISMISSAL

Pending before the Court is Plaintiff Lance Adam Goldman's *pro se* civil rights complaint filed under 42 U.S.C. § 1983. Plaintiff is proceeding without prepayment of the filing fee in this action under 28 U.S.C. § 1915(a)(1). Plaintiff's claims relate to the cost of items available for purchase from the prison commissary and the cost of services available to prisoners such as e-mail and phone use. Plaintiff seeks injunctive relief. For the reasons which follow, the complaint is dismissed for failure to state a claim upon which relief may be granted.

**I.    Standard**

Federal Rule of Civil Procedure 8(a) requires that a complaint set

forth "a short and plain statement of the claim showing that the pleader is entitled to relief," as well as "a demand for the relief sought." Fed. R. Civ. P. 8(a)(2), (3). The purpose of this rule is to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957) and Fed. R. Civ. P. 8(a)(2)). The notice pleading standard requires more than the bare assertion of legal conclusions or "an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Id.* (*quoting Twombly*, 550 U.S. at 555). "Nor does a complaint suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* at 1949 (*quoting Twombly*, 550 U.S. at 557).

Plaintiff has been granted leave to proceed without prepayment of the filing fee for this action. Under the Prison Litigation Reform Act ("PLRA"), the court is required to *sua sponte* dismiss an *in forma pauperis* complaint before service on a defendant if it determines that the action is frivolous or malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief against a defendant who is immune from such relief. *See*

42 U.S.C. § 1997e©; 28 U.S.C. § 1915(e)(2)(B).

## II. Discussion

Plaintiff's complaint concerns the high cost charged for goods and services in the prison. He argues that defendants have conspired to raise the cost of goods and services for their own personal financial gain.

The complaint fails to state a claim upon which relief may be granted because courts have consistently held that prisoners have no constitutional right to purchase products at a particular price or at a price comparable to that offered at a non-prison store. *See e.g. Griffin v. Doe*, No. 1:10CV1987, 2011 WL 94563, at *1 (N.D. Ohio Jan.11, 2011); *Simpson v. Caruso*, No. 1:09-cv-245, 2009 WL 1010973, at * 3 (W.D. Mich. April. 14, 2009); *Floyd v. Emmet County Correctional Facility*, No. 1:06-CV-283, 2006 WL 1429536, at * 4 (W.D. Mich. May 23, 2006) (prisoners have no constitutionally guaranteed right to purchase commissary items at the same or lower price than charged at regular retail stores); *McCall v. Keefe Supply Co.*, 71 Fed. App'x 779, 780 (10th Cir.2003) (allegation that prisoner was overcharged for goods at prison commissary failed to state a constitutional claim).

Additionally, the Michigan Department of Corrections (MDOC) and

the State of Michigan are also subject to dismissal because Plaintiff may not maintain a § 1983 action against them. The states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978). Eleventh Amendment immunity "bars all suits, whether for injunctive, declaratory or monetary relief, against the state and its departments by citizens of another state, foreigners or its own citizens." *Thiokol Corp. v. Dep't of Treasury, State of Mich., Revenue Div.*, 987 F.2d 376, 381 (6th Cir. 1993). Michigan has not consented to civil rights suits in federal court. *See Johnson v. Dellatifia*, 357 F.3d 539, 545 (6th Cir. 2004). The Michigan Department of Corrections is an arm of the State of Michigan and, therefore, both are immune from suit under the Eleventh Amendment. *See Harrison v. Michigan*, 722 F.3d 768, 771 (6th Cir. 2013).

### III. Conclusion

Accordingly, **IT IS ORDERED** that the complaint is **DISMISSED.**

The Court finds an appeal in this case would be frivolous and not

taken in good faith. 28 U.S.C. § 1915(a)(3); *Coppedge v. United States*, 369 U.S. 438, 445 (1962). Therefore, Plaintiff is not certified to pursue an appeal from this judgment *in forma pauperis*. 28 U.S.C. § 1915(a)(3). Nevertheless, should Plaintiff decide to file a notice of appeal, he may seek leave from the Court of Appeals to proceed on appeal *in forma pauperis. See* Fed. R. Civ. P. 24(a)(5).

Dated: July 17, 2018

s/George Caram Steeh
GEORGE CARAM STEEH
UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on July 17, 2018, by electronic and/or ordinary mail and also on Lance Adam Goldman #542675, G. Robert Cotton Correctional Facility, 3500 N. Elm Road, Jackson, MI 49201.

s/Barbara Radke
Deputy Clerk