UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

LANCE ADAM GOLDMAN,

        Plaintiff,                        Case Number: 2:18-cv-11666
                                                   HON. GEORGE CARAM STEEH

v.

STATE OF MICHIGAN, ET AL.,

        Defendants.
_____/

## **ORDER DENYING PLAINTIFF'S MOTIONS**

Michigan prisoner Lance Adam Goldman filed a *pro se* civil rights complaint under 42 U.S.C. § 1983. The Court granted Plaintiff leave to proceed without prepayment of the filing fee under 28 U.S.C. § 1915(a)(1). The Court screened the complaint, *see* 28 U.S.C. §§ 1915(e)(2) & 1915A, and dismissed it for failure to state a claim upon which relief could be granted. *See* ECF No. 5. Now before the Court are nine motions filed by Plaintiff.

First, Plaintiff filed a Motion to Reconsider and for Recusal (ECF No. 10). Section 455 of Title 28 provides, in relevant part:

> Any justice, judge, or magistrate of the United States shall disqualify himself in any proceeding in which his impartiality might reasonably be questioned.

28 U.S.C. § 455.

Disqualification under 28 U.S.C. § 455(a) must be predicated "upon extrajudicial conduct rather than on judicial conduct . . . and upon a personal bias as distinguished

from a judicial one, arising out of the judge's background and association and not from the judge's view of the law." *Consolidated Rail Corporation v. Yashinsky*, 170 F.3d 591, 597 (6th Cir. 1999) (internal quotations omitted). The party requesting recusal "has the burden of convincing the court that a reasonable person would find that the bias exists." *Id.*

Plaintiff seeks recusal of the undersigned from this matter because, Plaintiff alleges, the undersigned incorrectly dismissed Plaintiff's complaint. "[J]udicial rulings alone almost never constitute a valid basis for a bias or partiality motion. . . . In and of themselves . . . they cannot possibly show reliance upon an extrajudicial source; and can only in the rarest circumstances evidence the degree of favoritism or antagonism required . . . . Almost invariably, they are proper grounds for appeal, not for recusal." *Liteky v. United States*, 510 U.S. 540, 555 (1994). Thus, a judge's orders, formed on the basis of current judicial proceedings, "do not constitute a basis for a bias or partiality motion unless they display a deep-seated favoritism or antagonism that would make fair judgment impossible." *Id.* Plaintiff has failed to support his allegation of bias with evidence demonstrating such a deep-seated antagonism. Therefore, he fails to show that a reasonable person would find bias exists and the Court will deny the motion for recusal.

Plaintiff seeks reconsideration of the dismissal order. Pursuant to Local Rule 7.1(h), a party seeking reconsideration must demonstrate (i) a "palpable defect" by which the court and the parties have been "misled," and (ii) that "correcting the defect will result in a different disposition of the case." E.D. Mich. L.R. 7.1(h)(3). A "palpable defect" is

an error that is "obvious, clear, unmistakable, manifest or plain." *United States v. Cican*, 156 F. Supp. 2d 661, 668 (E.D. Mich. 2001).

Plaintiff seeks reconsideration on the ground that the Court construed his complaint too narrowly. He argues that the complaint was not limited to challenging the cost of products and services available to prisoners. Instead, he argues, the complaint alleged a vast conspiracy that inured to the financial benefit of the State of Michigan, the Michigan Department of Corrections (MDOC), state court judges, prosecutors, public defenders, appellate defenders, parole board members, and private corporations contracting with the MDOC. He argues that these parties conspired to increase the cost of prison goods and services and increase the prison population (through unfair trials, parole denials, and by failing to provide access to rehabilitation programs) to keep the financial benefits flowing. Even assuming that these claims were raised in the complaint, the Court finds that reconsideration is not warranted.

To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). The allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted).

Here, Plaintiff's claims of a wide-ranging conspiracy contain very little factual

content. The claims are largely based upon conclusory suspicions of wrong-doing. "It is well-settled that conspiracy claims must be pled with some degree of specificity and that vague and conclusory allegations unsupported by material facts will not be sufficient to state such a claim under § 1983." *Gutierrez v. Lynch*, 826 F.2d 1534, 1538 (6th Cir. 1987). Plaintiff's general allegations are too vague to state a claim and his motion for reconsideration will be denied.

Also before Court are Plaintiff's six motions to amend or supplement his complaint (ECF. Nos. 8, 14-16, 18, & 22). "A party seeking leave to amend [a complaint] after an adverse judgment [has been entered] faces a heavier burden than for a Rule 15 leave to amend motion prior to a final ruling." *Michigan Flyer LLC v. Wayne Cty. Airport Authority*, 860 F.3d 425, 431 (6th Cir. 2017). In the post-judgment context, courts must "consider the competing interest of protecting the finality of judgments and the expeditious termination of litigation." *Crouch v. Honeywell International, Inc.*, 720 F.3d 333, 344-45 (6th Cir. 2013). "If a permissive amendment policy applied after adverse judgments, plaintiffs could use the court as a sounding board to discover holes in their arguments, then 'reopen the case by amending their complaint to take account of the court's decision.'" *Michigan Flyer LLC*, 860 F.3d at 431 (internal citation omitted). A post-judgment motion for leave to amend a complaint is governed by the same standard that applies to a motion to alter or amend a judgment under Fed. R. Civ. P. 59(e). *Id.* Such a motion should only be granted if there was a (1) a clear error of law; (2) newly discovered evidence; (3) an intervening change in controlling law; or (4) a need to

4

prevent manifest injustice. *Id.*

In dismissing Plaintiff's complaint, the Court held that Plaintiff's allegations were insufficient to state plausible claims against the defendants. In considering Plaintiff's post-judgment motion to amend and/or supplement the Court finds no indication of a clear error of law, newly discovered evidence, an intervening change in controlling law, or a need to prevent manifest injustice that would warrant relief from judgment under Rule 59(e). Accordingly, the Court will deny Plaintiff's motions.

Finally, Petitioner's Motion to Certify (ECF No. 19) and Motion to Expedite (ECF No. 20) are rendered moot by the dismissal of Plaintiff's complaint.

Accordingly, IT IS ORDERED that Petitioner's Motion to Reconsider and for Recusal (ECF No. 10), Motions for Leave to Amend and/or Supplement (ECF. Nos. 8, 14-16, 18, & 22), Motion to Certify (ECF No. 19) and Motion to Expedite (ECF No. 20) are DENIED.

Dated: February 6, 2019

          s/George Caram Steeh
          GEORGE CARAM STEEH
          UNITED STATES DISTRICT JUDGE

---

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record and Lance Adam Goldman #542675, Alger Max. Corr. Facility, N6141 Industrial Park Drive, Munising, MI 49862 on February 6, 2019, by electronic and/or ordinary mail.

s/Marcia Beauchemin
Deputy Clerk